In the Matter of RHEA ROSENSTOCK, Respondent, against CHARLES ABRAMS, as State Rent Administrator, Appellant.

First Department, November 29, 1955.

*Beatrice Shainswit* of counsel (*Hortense W. Gabel,* attorney), for appellant.

*Paul Burt* of counsel (*Herman M. Klein,* attorney), for respondent.

*Per Curiam.* The petitioner-landlord sought and obtained from the local rent administrator an order decontrolling premises owned by her. That order was issued upon the ground that the landlord had conformed with the requirements of section 11 of the State Rent and Eviction Regulations by bringing about structural changes creating additional housing accommodations. The State Rent Administrator, upon protest of the tenants in possession, rejected the order of decontrol holding that there had been no substantial alterations made; that the rules and regulations with respect to decontrol had not been complied with and that in any event no order of decontrol could issue affecting tenants in possession at the time of conversion. The order of the Rent Administrator remanded the matter to

the local rent administrator for further proceedings to fix maximum rents.

The order of the Supreme Court, under review annulled the action of the State Rent Administrator, in effect reinstating the decontrol order of the local rent administrator.

The petitioner-landlord commenced her alterations without first having obtained an order authorizing such changes as required by the regulations and, she likewise failed to comply with the provisions of the regulations concerning existing tenancies. Further, the decontrol order of the local rent administrator was issued prior to the issuance of a certificate of occupancy as is required by the regulations. The landlord may not sidestep all regulations and obtain an order of decontrol based upon a *fait accompli* — achieved under the lash of a criminal complaint for failure to comply with the building code — thereby disregarding the rights of the tenants then in occupancy.

We need not determine whether the State Administrator acted arbitrarily in finding that proper structural changes were not made because no decontrol order could properly issue affecting, as it did, the rights of the tenants in possession at the time of and prior to the completion of the conversion. They were entitled to the protection of the rent laws even though such conversion were made. Therefore the action of the Rent Commissioner in determining that maximum rents should be fixed for the premises in question was proper.

Accordingly, the order appealed from should be reversed, with $20 costs and disbursements and the matter remanded to the Rent Administrator for the fixing of maximum rents.

PECK, P. J., BOTEIN, RABIN, COX and BERGAN, JJ., concur.

Order unanimously reversed, with $20 costs and disbursements to the appellant, and the matter remitted to the State Rent Administrator for the fixing of the maximum rents.

[See 1 A D 2d 766.]